UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS JUAREZ MORENO (A262-397-076) | No.  1:26-cv-04291-TLN-SCR |
| Petitioner, | |
| v. | FINDINGS & RECOMMENDATIONS |
| WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY, et al., | |
| Respondents. | |

Petitioner is a federal immigration detainee representing himself in this habeas corpus action filed pursuant to 28 U.S.C. § 2241, which challenges his ongoing detention.  This action was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

On June 9, 2026, the Court ordered Respondents to file an answer to the § 2241 petition within 7 days.  ECF No. 7.  Respondents have failed to file an answer within the time provided or request an extension of time to do so.  The Court construes the failure to file an answer as a lack of opposition to granting the habeas petition.  See, e.g., Local Rule 230(c) ; see also Hall v. Mortg. Invs. Grp., 2011 WL 4374995, *5 (E.D. Cal. 2011) ("Plaintiff does not oppose Defendants' arguments regarding the statute of limitations in his Opposition.  Plaintiff's failure to oppose ... on this basis serves as a concession[.]"); Singh v. Chiang, No. ED CV 25-3024 FMO (SP), 2025 WL 4058328 *4 (C.D. Cal. Dec. 15, 2025) (construing the failure to address an

1

argument as conceding the argument).  Based on this lack of opposition, the undersigned recommends granting the § 2241 petition.

Even reviewing the merits of the § 2241 application demonstrates that Petitioner is entitled to relief.  The undisputed record in this case demonstrates that Petitioner is a native and citizen of Mexico who entered the United States on or about February 2009 without being inspected by immigration officials.  Since that time, he has married a U.S. citizen and had five U.S. citizen children with his wife.  He was detained by Immigration and Customs Enforcement on or about April 29, 2026.  He remains detained at the California City Detention Facility located in this judicial district.  During his detention, an immigration judge denied him a bond after concluding that the immigration court lacked jurisdiction to do so.  Petitioner challenges his ongoing detention on the basis that it violates the Fifth Amendment due process clause.

Considering all of these factors, and consistent with the analysis in Lepe v. Andrews, 801 F. Supp. 3d 1104, 1111-1118 (E.D. Cal. 2025) (collecting cases), which the undersigned incorporates and adopts herein, the court finds that Petitioner is not subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2) and that his Fifth Amendment right to procedural due process was violated based on his detention without a bond hearing.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus (ECF No. 1) be granted on the merits and on the basis of any lack of opposition thereto.

2. Respondents be ordered to immediately release Petitioner LUIS JUAREZ MORENO (A262-397-076) from their custody.

3. At the time of release, Respondents be required to return all of Petitioner's documents and possessions.

4. The Clerk is directed to serve the **California City Detention Facility** with any order for release.

5. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days of notice to Petitioner and provide Petitioner with a bond hearing before an immigration judge at which the government must prove by clear and convincing evidence that petitioner is a

flight risk or danger to the community such that his re-detention is warranted.

6. Any final order entered in this case not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal.

7. The Clerk of Court be directed to enter judgment for Petitioner and to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **three days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 30, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE